## Commonwealth v. Krupa

*J. Stroud Weber*, for Commonwealth.
*Leonard A. Talone*, for defendant.

KNIGHT, P. J., March 14, 1941. — This defendant pleaded guilty to a violation of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 29, 1937, P. L. 2329, sec. 620(*h*), by operating a motor vehicle after his operating privilege had been suspended, and before such privilege had been reinstated, a misdemeanor.

As the hearing progressed the hearing judge had considerable doubt of the guilt of defendant of the offense with which he was charged; whereupon defendant withdrew his plea of guilty, and entered into an agreement with the district attorney that the case should be heard by a judge without a jury.

The matter then proceeded, and, after hearing the evidence, the court found defendant guilty, and suggested that a motion in arrest of judgment be filed, in order that the court in banc could consider the legal question involved. The case has been argued, and is now before us for decision.

The evidence shows that defendant had his license suspended for 30 days on February 10, 1938. He did not apply for a license in 1939 or 1940, and was arrested on November 20, 1940, while operating a truck.

The question before us is whether defendant is guilty of the offense charged by the Commonwealth, which is a mis-

demeanor, or whether he is merely guilty of operating without a license, which is a matter of summary conviction and punished with a small fine.

On October 26, 1934, this court decided the case of Commonwealth v. Ivans, June term, 1934, no. 83. In that case, defendant, Ivans, was indicted under section 620 (*h*) of The Vehicle Code, supra, as amended by the Act of June 22, 1931, P. L. 751. There defendant had his operating privilege suspended for one year, and was charged with operating in violation of the section above cited, some two years after the suspension period had expired. We held: "If our interpretation of the statute is correct, we come to the conclusion, that the period of suspension having expired before July 1934, defendant could not be indicted under paragraph (*h*) of section 620, for having driven an automobile in that month. He is unquestionably guilty of a violation of section 601 of the Act of 1929, which makes it unlawful to operate a motor vehicle without a license, but he is not guilty of the misdemeanor charged by the Commonwealth."

Has anything happened or been brought to our attention since the above decision which should change our view of the law? The legislature in the Act of 1937, sec. 620 (*h*), amended the section in question, so as to read as follows:

"It shall be unlawful for any person to commit any of the following acts . . .

"(*h*) To operate any motor vehicle upon the highways of this Commonwealth, after the operating privilege is suspended or revoked, and before such operating privilege has been reinstated."

The words "and before such operating privilege has been reinstated" are additional.

To reinstate is to restore, according to Webster's International Dictionary, and it would appear that the legislature intended that some affirmative act must be done by the Secretary of Revenue, in restoring the operating privilege. It follows that, after the operating privilege is suspended or revoked, it must be restored before an

operator may drive a motor vehicle without violating section 620(h), above quoted. This is the view taken by the court in Commonwealth v. Gernert, 33 D. & C. 620 (1938), and Commonwealth v. Buleski, 39 D. & C. 496 (1940).

In the Gernert case, Judge Shanaman pertinently remarks, at page 622: "Certainly, one who has had the privilege of driving revoked for cause, and who has either been unable or has neglected to obtain a reinstatement of the privilege, is in a different class of delinquents, if he chooses to drive without a license, from a person who has never had his license revoked."

Some additional light is shed upon the question before us by the Uniform Automobile Liability Security Act of May 15, 1933, P. L. 553, as amended by the Act of June 25, 1937, P. L. 2097, which provides, inter alia, in section 7, that, whenever the Secretary of Revenue shall revoke or suspend the operating privilege, he may require the holder of the license or operating privilege to furnish proof of financial responsibility before such license or operating privilege shall be renewed or reinstated or continued. The amended act was passed at the same session of the legislature at which section 620(h), as above quoted, was amended.

It seems clear that the legislature intended to place those whose operating privileges had been suspended in a different class from those who never lost their operating privileges through suspension.

The operating privilege of defendant was not automatically restored to him after the expiration of the 30-day suspension in February 1938. It was his duty to have his operating privilege reinstated if he desired to drive a motor vehicle, and the Secretary of Revenue could have required proof of financial responsibility before reinstating the operating privilege.

We are of the opinion that the legislature, in amending section 620(h), intended that anyone operating a motor vehicle after his operating privilege had been sus-

pended, or revoked, and not reinstated, should be guilty of a misdemeanor, regardless of the fact that the suspension or revocation period may have expired. It follows that defendant was properly found guilty.

And now, March 14, 1941, the motion in arrest of judgment is overruled, and defendant is directed to appear in courtroom B, on Friday, March 28, 1941, at 10 a.m., to receive the sentence of the court.